## NOT BOUND TO ANTICIPATE THE NEGLIGENCE OF ANOTHER.

Circuit Court of Cuyahoga County.

FERDINAND ZIGANEK V. THE CLEVELAND RAILWAY COMPANY.

Decided, February 5, 1912.

*Contributory Negligence—Automobile Crossing Track in Front of Car.*

While one about to cross a street car track with an automobile in front of an approaching car is bound to use his faculties for his own protection, yet ordinary care does not require of him that he anticipate negligence on the part of those operating the car, and whether or not he did exercise ordinary care in the light of all the circumstances, in attempting to cross the tracks in front of the approaching car, is a question which he has a right to have submitted to a jury.

*B. Pearce* and *C. N. Sheldon,* for plaintiff in error.
*Squire, Sanders & Dempsey,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The plaintiff in error brought suit in the court of common pleas against the defendant in error to recover damages for personal injuries suffered by him when he was struck by street car, operated by the defendant, as he was in the act of crossing to street car track in an automobile.

The pleadings and the evidence show that the plaintiff, between 8 and 9 o'clock in the evening of August 12, 1908, was going westward on St. Clair avenue, in the city of Cleveland, driving an automobile, on the northerly side of the street; that as he approached East 45th street he turned the automobile to the southward for the purpose of going up said 45th street; that as he was turning across the street a suburban car, owned by the Cleveland, Painesville & Eastern Railway Company, and operated by the defendant, was approaching from the west on the south track in St. Clair avenue; that as the plaintiff was going upon the track on which this suburban car was running, he discovered the car almost upon him and tried to reverse the automobile, and while so doing the front

part of the automobile was struck by the car and he was severely injured.

It appears further that the car had bright headlights which the plaintiff claims were so dazzling as to be confusing to the eye and misleading to one not accustomed to viewing the same; that the plaintiff had seen the car approaching a considerable distance away, and at the time he turned to cross the track for the purpose of going into 45th street, it was opposite East 43rd street, a distance of between 300 and 400 feet from the point where the plaintiff attempted to cross the street; that according to the testimony of certain witnesses the car was running at a high rate of speed, estimated by one witness to be from twenty-five to thirty miles an hour; that after striking the automobile, the car ran a distance of about 125 feet before coming to a stop.

When the plaintiff had rested, the court on motion of the defendant, instructed the jury to return a verdict for the defendant, and it is the correctness of this action that is called in question by this proceeding in error.

The motion was based upon the ground that the undisputed and controlling facts produced in evidence by the plaintiff showed no actionable negligence on the part of the defendant, and that the plaintiff had not overcome the presumption of contributory negligence.

There was evidence in the case that tended at least to show negligence on the part of the defendant in the operation of the car, and the action of the trial court must be sustained, if at all, on the ground that the undisputed and controlling facts showed contributory negligence on the part of the plaintiff.

The rights and duties of those about to cross the tracks of a street railroad at a street crossing are discussed and defined in *Cincinnati Street Railway Company* v. *Snell*, 54 O. S., 197, and it was there held:

"A person about to cross the track of a street railway at a street crossing is bound to exercise care proportioned to the danger to be avoided, and the consequences which might result from want of it, conforming in amount and degree to the particular circumstances surrounding him; but it is only ordinary care which is required, that which might reasonably be expected of persons of ordinary prudence. Ordinary care does not re-

quire him to anticipate negligence on the part of those operating the railway, and while he should use his faculties for his own protection, it is not negligence *per se* for him to omit to look in both directions for the approach of a car; whether it is or not negligence depends upon the circumstances."

Applying the principle laid down by the Supreme Court in this case to the one under consideration, it may be said that the plaintiff was bound to use his faculties for his own protection, but ordinary care did not require of him that he anticipate negligence on the part of those operating the car, and whether or not he did exercise ordinary care in the light of all the circumstances, in attempting to cross the track in front of the approaching car, was a question which he had a right to have submitted to the. jury.

There was evidence which tended to show, in some degree, that if the suburban car had been operated with reasonable care, it might have been stopped after the plaintiff had started across the track, and before the accident occurred. The plaintiff had a right to assume that such reasonable care would be exercised by the defendant.

The facts in this case are very similar to those in *Toledo Street Railway Company* v. *Westenhuber*, 22 C. C., 67, in which parts 1 and 2 of the syllabus read as follows:

"It is negligence in the motorman of an electric street car, when the car is from 150 to 200 feet from a crossing, and he sees a wagon about to cross the track, not to try to stop or slacken the speed of the car until almost at the crossing, when by so doing the collision which ensued might have been avoided.

"It is not negligence in the driver of a wagon to attempt to drive across a street car track ahead of an approaching electric car, when the car is so far away that by the exercise of reasonable care, it might be stopped before reaching the place of crossing."

It was contended in that case the driver was guilty of contributory negligence in entering upon the tracks, because before his horses came upon the track he distinctly saw the car approaching, nor more than two hundred feet away; that he saw it approaching at a rate of speed that would run him down, unless

the speed of the team should be very much accelerated or the speed of the car should be restarted; yet he entered upon the track to cross over, and was struck.

In answering this contention the court used language that is pertinent to the circumstances of this case. On page 69 the court said:

"To attempt to drive across a track ahead of a street car when the car is so far away that by the exercise of reasonable care on the part of the operators it might be stopped before reaching the place of crossing, is not negligence in our opinion. The rights of the street car company and of the driver of the team being equal at the crossing, he had a right to go over the crossing ahead of the car, nothwithstanding the fact that his doing so would require that the speed of the car must be retarded to prevent a collision. The one first at the crossing had the right to precede the other in going over the same. It is plain, the driver of the team must take into consideration the fact that the street car can not turn out, it must remain upon the rails, and he must take into consideration the fact that it can not stop instantly, that if it is going at a high rate of speed it may require considerable distance for it to stop; but taking all these things into consideration, if he enters upon the track when the car is so far away as that it may, by the exercise of reasonable diligence on the part of the operator be stopped, he is not, in our opinion, guilty of negligence in thus entering upon the track."

The decision of the circuit court in that case was affirmed by the Supreme Court, without report, in 65 O. S., 567, and upon its authority, if no other existed, we would be compelled to reach the conclusion announced.

The Judgment of the court of common pleas is reversed and the cause remanded for further proceedings.